# In the United States Court of Federal Claims

No. 14-267C

(Filed October 15, 2014)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
DOUGLAS L. PRESTIDGE,                       *
                                            *
                      Plaintiff,            *
                                            *
            v.                              *
                                            *
THE UNITED STATES,                          *
                                            *
                      Defendant.            *
                                            *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss the action for lack of subject-matter jurisdiction. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.[1]

### Background

    Plaintiff, pro se Douglas Leslie Prestidge, served in the United States Air Force on active duty from December 4, 1974 to December 4, 1978, and was injured during his service. Compl. ¶¶ 3, 4, 9, 12; Ex. 1, 3; Def.'s Mot. 2. On January 12, 1979, Plaintiff mailed an application for veteran's disability benefits to the United States Department of Veteran's Affairs ("VA"). On March 5, 1979, Plaintiff was examined by a VA doctor. Compl. ¶ 9. Plaintiff was dissatisfied with both the VA's treatment of his injuries and its subsequent administration of his disability benefits. Id. at ¶¶ 1, 5, 9, 11, 12.

    Plaintiff alleges that he previously filed administrative claims with the VA pursuant to the Federal Tort Claims Act ("FTCA"), but does not say precisely when. Id. at ¶ 7. In February of 2014, the VA sent Plaintiff a "notice of final denial" of his tort claims. Id.

---

[1] Plaintiff filed a motion for oral argument on August 27, 2014. As the Court dismisses this case, the motion for oral argument is **DENIED** as moot.

On March 3, 2014, Plaintiff filed two complaints alleging tort claims in the United States District Court for the District of Arizona. See id. at ¶ 1. The District Court in Arizona ordered the consolidation of Plaintiff's two complaints. At the direction of the district court, Plaintiff filed an amended complaint on March 24, 2014. Def. Mot. 3-4.

On April 7, 2014, Plaintiff filed the instant complaint in this Court against the VA and several VA employees, seeking disability benefit payments and $30,000,000 in compensation. Compl. ¶¶ 1, 3, 40.

Plaintiff requested that his case in this Court be transferred to the District Court of Arizona. Id. at ¶ 1.

Plaintiff also alleged that he has brought this matter before the Board of Veterans Appeals (BVA). Id. Whether the BVA has rendered a decision on Plaintiff's claim is not clear from Plaintiff's complaint.

Plaintiff seeks relief from this Court, alleging that the VA breached a contract with Plaintiff in failing to provide the proper medical care for Plaintiff's service-related injuries. Id. at ¶¶ 1, 3. Plaintiff bases his contract claim on the enlistment document he signed in December 1974, and the Honorable Discharge Notice he received in December 1978. Compl. ¶ 2, Ex. 1. According to Plaintiff, his signature on these documents constitutes the formation of a contract, entitling him to benefits advertised by the VA. Compl. ¶ 1. Plaintiff alleges:

> The US Veterans Affairs guaranteed accurate care and correct benefits and health care in the event of injury. VA [stated] on Television stations across the planet that it provides excellent care and [its care was] better than the rest of the world. The Plaintiff's injuries were not correctly treated and disability compensation was [not] given for all service incurred injuries that should have been given[.] Plaintiff suffered because contract was not fulfilled [but was] broken [and did] not provid[e] for the veteran [but left] the veteran to fend for himself. VA was to HELP veteran to obtain earned benefits, but at every turn the VA has hindered, hid, opposed, committed fraud [and] abandonment instead of help.

Id.

Plaintiff does not base his contract claim on any specific term of his enlistment contract. Plaintiff's one-page enlistment contract describes a service member's rights concerning the extension and expiration of his enlistment term. The enlistment contract does not mention medical treatment. Compl. Ex. 1.

Plaintiff also stated that his lack of medical care was the result of negligence and malpractice. Compl. ¶ 1.

## Discussion

This Court possesses jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). A plaintiff invoking the Court's jurisdiction must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted). If a plaintiff does not establish subject-matter jurisdiction, the Court must dismiss the plaintiff's complaint. Rule 12(h)(3). Although pleadings of a pro se plaintiff are held to a less stringent standard than those of litigants with counsel, a pro se plaintiff is not excused or exempt from meeting jurisdictional requirements. Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).

This Court only has jurisdiction over suits brought against the United States, not individual federal officials. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). This Court therefore lacks jurisdiction over claims against individual VA officials. See id.

### The Court of Federal Claims Does Not Have Jurisdiction Over Claims For the Denial of Veterans' Benefits

This Court does not have jurisdiction over claims for the denial of veterans' benefits. Kalick v. United States, 109 Fed. Cl. 551, 556-57 (2013) aff'd, 541 Fed. Appx. 1000 (Fed. Cir. 2013); Smalls v. United States, 87 Fed. Cl. 300, 306 (2009). Veterans' benefits are administered by the Department of Veteran's Affairs. A challenge to veterans' benefit determinations made by the Department of Veterans' Affairs is "subject to one review on appeal to the [VA] Secretary" and then must proceed through the Board of Veterans Appeals (BVA). 38 U.S.C. § 7104(a) (2012). If a petitioner remains dissatisfied with the outcome of the proceeding, he may bring an appeal to the United States Court of Appeals for Veterans Claims. "The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals . . . The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a) (2012). Finally, the petitioner may appeal the decision of the Court of Appeals for Veterans' Claims to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292(d)(1) (2012).

Plaintiff indicated that he brought his disability benefit claim to the BVA, and is waiting for the resolution of that claim. Compl. ¶¶ 1, 23. It is unclear whether the Board has reached a final determination on Plaintiff's claim. If Plaintiff is dissatisfied with the final determination of the BVA, he may follow the procedures prescribed in Title 38 of the United States Code.

### Plaintiff's Claim Does Not Sound In Contract

Plaintiff stated that the United States and its agents breached the parties' enlistment contract in failing to provide appropriate medical care and benefits. Compl. ¶¶ 1, 2; Pl.'s Resp. 2. At the outset, the Court notes that a veteran's entitlement to medical services and the Government's obligation to provide those services are statutory, rather than contractual. Specifically, 38 U.S.C. § 1710 provides that the Secretary "shall furnish hospital care and medical services which the Secretary determines to be needed — (a) to any veteran for a service-connected disability . . . ."

In any event, Plaintiff failed to establish a contractual basis for his claims stemming from his enlistment contract. Plaintiff's enlistment contract incorporated 10 U.S.C. §§ 5538 and 5540. At the time Plaintiff's enlistment contract was formed, Section 5538 reserved the right of the military to extend enlistments in time of war or in the event of a national emergency. See Ex. 1. Section 5540 sets out the rights of a service member when his enlistment term has expired. See id. In addition, the enlistment contract informed the service member of the possibility that "upon [his] enlistment in a Reserve Component of the Armed Forces of the United States . . . [he] may be ordered to active duty without [his] consent — for the duration of a war or national emergency . . . ." See id. The enlistment contract did not include any provision regarding the Government's obligation to provide Plaintiff medical care.

Further, Plaintiff argues that advertisements released by the Armed Services constitute a contract, guaranteeing accurate care and correct benefits and health care in the event of injury. Advertisements alone do not impose a contractual obligation on the United States. See Group One, Ltd v. Hallmark Cards, Inc., 254 F.3d 1041, 1048 (Fed. Cir. 2001) (citing Restatement (Second) of Contracts § 26 (1981)) (stating that "contract law traditionally recognizes that mere advertising and promoting of a product may be nothing more than an invitation for offers"); Roberson v. United States, 115 Fed. Cl. 234, 242 (2014) (finding "[t]he publication of an advertisement informing the public of a government contest" was merely an invitation for offers).

Finally, Plaintiff's claim based on allegations of negligence and malpractice are not breach of contract claims, but are tort claims that are not within this Court's jurisdiction. Gable v. United States, 106 Fed. Cl. 294, 298 (2012) (negligence and medical malpractice claims are tort claims); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 165 (2009) ("The Court of Federal Claims does not have jurisdiction over tort actions against the United States") (internal quotation marks omitted). The Tucker Act limits this Court's jurisdiction to claims against the United States "for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2011) (emphasis added). A plaintiff cannot simply re-package a tort claim as a contract claim in order to fall within this Court's jurisdiction. See Kennedy v. United States, 88 Fed. Cl. 688, 703 (2009) (recognizing that dismissed tort claims cannot be "simply reframe[d]" as contract claims); L'Enfant Plaza Prop., Inc. v. United States, 227 Ct. Cl. 1, 11 (1981) ("there must be a 'tortious' breach of contract rather than a tort independent of the contract.").

### Transfer Is Not Appropriate

Plaintiff has requested that his case be transferred to the District Court of Arizona. Pursuant to 28 U.S.C. § 1631, Federal Courts are permitted to transfer a case to another Federal Court when: "(1) the transferring Court lacks jurisdiction; (2) the case could have been brought in the transferee Court at the time is was filed; (3) such a transfer is in the interest of justice." Fabian v. United States, 102 Fed. Cl. 637, 640 (2012) (citing 28 U.S.C. § 1631). While this Court lacks jurisdiction, transfer is not appropriate because Plaintiff has already filed an action in the District Court of Arizona which encompasses his claims in this suit.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss the complaint.

*/s/ Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge